Isabel Bernier et al., Plaintiffs and Appellees, v. Heirs of Víctor Honoré Garau, Defendants and Appellants.

No. 4522.   Argued December 19, 1928.—Decided February 20, 1929.

A. Arnaldo Sevilla for the appellants.   José Sabater for the appellees.

Mr. Justice Texidor delivered the opinion of the court.

This action of filiation was brought by Isabel, Prudencia and José Bernier in the District Court of Mayagüez against the heirs of Víctor Honoré Garau, i. e., his legitimate children Sabas, Trinidad and Alejandrina Honoré, praying that they be declared the acknowledged natural children of Víctor Honoré Garau with the rights conferred on such children by the Civil Code.   They alleged that from 1909 Víctor Honoré y Garau and María Bernier, the former a widower and the latter a feme sole, without impediment to contract marriage, lived publicly in concubinage until the death of María Bernier and as a result of that relationship Isabel was born on December 5, 1906, Prudencia was born in April, 1908, and José was born in May, 1910; that Víctor Honoré publicly and privately treated the plaintiffs as his children, provided for their maintenance and education and called them his children; that Víctor Honoré died without formally and solemnly acknowledging the plaintiffs as his natural children.

178

In their answer the defendant heirs denied the averments of the complaint.

The case went to trial, the evidence was examined and the court rendered judgment for the plaintiffs. Attached to the judgment is an opinion which reads as follows:

"This case was called for trial on October 6, 1927, the day set therefor in the calendar of civil cases of this court. The plaintiffs appeared by attorney José Sabater and the defendants by attorney Alfredo Arnaldo. The court heard the pleadings and the evidence and after the case had been submitted on briefs the court reserved its decision until today when it finds and holds as follows: First; that plaintiffs Isabel, Prudencio and José Bernier were born in the city of Mayagüez on December 5, 1906, April 28, 1908 and May 15, 1910, respectively. Second; that at the time of the conception and birth of the plaintiffs Víctor Honoré y Garau was a widower and María Bernier was a *feme sole* without impediment to contract marriage and always enjoyed the legal capacity to marry without any dispensation whatever. Third; that Víctor Honoré y Garau died in this city on January 16, 1926, leaving a will executed before notary Angel A. Vázquez in this city on June 16, 1918, wherein he named as his sole and universal heirs his legitimate children the defendants. Fourth; that Víctor Honoré y Garau treated the plaintiffs as his children from the time of their conception and birth until his death, spoke of them as such in his conversations and constantly looked after their education, specially in regard to the two youngest children, Prudencio and José, calling personally on their teachers at the school, taking an interest in their progress and apprenticing them to a barber, doing these acts as their father; that he paid the expenses incurred in the birth of the said three children, paying their doctors', pharmacists' and dentists' bills, and for their maintenance, housing and clothing and visiting them regularly in the house where they lived with their mother, María Bernier, not failing to recognize them constantly, publicly and privately as his children. In view of these facts the court concludes that the plaintiffs are entitled to be acknowledged as the natural children of Víctor Honoré y Garau in conformity with section 189 of the Civil Code in force at the time of the birth of the plaintiffs, and, therefore, sustains the complaint herein in all of its parts and orders that judgment be entered in accordance with the law and with this opinion, with costs on the defendants."

An appeal was taken from that judgment by the defendants based on the following assignment of error:

"The court erred in finding that Víctor Honoré y Garau treated Isabel, Prudencio and José Bernier as his children, spoke of them as such in conversation and provided for their education and support."

We have examined very carefully the evidence in the case and hold that the conclusion reached by the trial court is correct. The witnesses for the plaintiffs were teachers Rafael Osorio, Colón and Barret, Dr. Pedro Monagas, Carola Castro, Petra Gonce, Valerio Martínez, Juan Raldiris, and others who corroborated the allegation that Victor Honoré y Garau regarded the plaintiffs as his children, spoke of them as such and attended to their support and education as his children. That evidence is not contradicted by the testimony introduced by the defendants in which the majority of the witnesses limited themselves to saying that Honoré had never told them that he had natural children, some of them saying that they had never asked him.

The evidence had to impress on the mind of the judge the conviction manifested in the opinion.

We find no merit in that assignment.

The second assignment is as follows:

"Víctor Honoré y Garau' and María Bernier did not live in concubinage."

The meaning of concubinage was established in *Medina* v. *Heirs of Bird,* 30 P.R.R. 151, the court making reference to its definition by Escriche and adding:

". . . . . The concubinage to which the Civil Code has reference relates to the state of living together similarly to husband and wife without being actually married. It is not sufficient that a man installs a woman in a house and frequently visits her, especially if he has an independent home of his own, as the evidence tends to show."

In *Gerena* v. *Suau,* 36 P.R.R. 151, this court said:

"The idea of a state of concubinage is, as we have indicated in *Medina* v. *Heirs of Bird,* 30 P.R.R. 151, a relation similar to or ap-

proaching the marital state. It might be quite a little less than a marital state and we should be disposed to recognize a state of concubinage, but a state of concubinage must differ from a relation where a man is merely maintaining a mistress. It is true that Bartolo Suau spent long hours with Dolores González, but we find nothing in the evidence to elevate the relation that Bartolo Suau had with Dolores González to a state of concubinage. Although one or two witnesses make such a conclusion, the record does not disclose anything like a public knowledge of a state of concubinage between these two persons.''

In the light of this doctrine it may be admitted that the proof of concubinage was not so precise and strong as might be required. But in this case a decision may be based on the acts of acknowledgment on the part of Honoré rather than on a state of concubinage between Honoré and María Bernier.

Section 189 of the Civil Code of Porto Rico in force before the enactment of Act No. 73 of 1911 was as follows:

''A father is obliged to recognize his illegitimate child in the following cases:

''1. Where there be an authentic statement in writing made by him expressly recognizing its paternity.

''2. When publicly or privately he has shown that it is his child, or has called it as such in conversation, or looks after its education and maintenance.

''3. When the mother was known to have lived in concubinage with the father during the *pregnancy* (conception) or birth of the child, or when the child was born while his parents were engaged to be married (relaciones amorosas).''

The obligation to acknowledge arises here from three distinct sources. One of them is that of having publicly treated as his child the person referred to, of having spoken of him as such and of having provided for his education and maintenance. Such is the case here.

The third assignment refers to the imposition of the costs. This being a discretional matter, we think that there should be no reversal unless it is shown that there was an abuse

of discretion on the part of the judge, and this has not been shown.

The judgment appealed from must be affirmed.

Chief Justice Del Toro and Justice Hutchison concur in the judgment, but not in all of the grounds therefor.